IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHEYENNE HEADRICK, AS NEXT FRIEND OF MINOR S.S., § § § | | |
| *Plaintiff*, § § | | |
| v. § § | Civil Action No. 3:22-CV-02480-E | |
| BURLESON INDEPENDENT SCHOOL DISTRICT, § § § § | | |
| *Defendant*. § | | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Burleson Independent School District's ("Burleson ISD") Motion to Dismiss Plaintiff's Original Complaint (ECF No. 6). Plaintiff Cheyenne Headrick ("Headrick") asserts various state law claims, intentional sex discrimination under Title IX, and an Equal Protection violation under § 1983. For the reasons discussed below, the Motion to Dismiss is hereby **GRANTED**, and the Title IX and state law claims are **dismissed with prejudice**, and the § 1983 claim is **dismissed without prejudice**. Additionally, the Court **DENIES AS MOOT** Headrick's Unopposed Motion for Leave to File Amended Complaint (ECF No. 19).

## I. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Original Complaint (ECF No. 1), and, at this stage, must be accepted by the Court as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss [courts] must take all of the factual allegation in [a] complaint as true[.]") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Minor S.S. was a student at Norwood Environmental Science Academy, a public school in

Burleson ISD, from August 2021 to October 2021. (ECF No. 1 at 4). The Complaint alleges that S.S.'s experience at Norwood—as a nonverbal child with cerebral palsy—was traumatizing. (ECF No. 1 at 4). As alleged, S.S. would frequently be extremely emotional and screaming when his mother, Headrick, picked him up from school. (ECF No. 1 at 4).

On or about October 5, 2021, Principal Candice Cook contacted Headrick and informed her that "the school had discovered disturbing actions by the school's faculty in the classroom." (ECF No. 1 at 5).

> Mangus and Monroe [minor S.S.'s teachers] would cover minor S.S.'s mouth when he would cry for up to thirty (30) seconds. It was reported that minor S.S. would be gasping for air as the suction could be heard from his mouth as he was trying to catch his breath. Principal Cook also read from a notebook of other reports that were gathered from other teachers. It was reported that Mangus and Monroe would talk to other teachers about how they would pinch under their arms or in student's armpits to make them stop crying or "to give them a reason to cry." Another report came to light that a teacher who was walking down the hall . . . heard a blood curdling cry. As the teacher entered the room, the teacher saw minor S.S.'s face pushed extremely close to the projector while the projector light was on. When the teacher removed minor S.S.'s face from the projector light, Mangus told the other teacher "he is your problem now."

(ECF No. 1 at 5). More reports were made of Mangus and Monroe changing S.S. in the middle of the classroom and making inappropriate comments about him in front of the whole class. (ECF No. 1 at 5).

The Complaint asserts prior complaints and reports involving minor S.S. that had been reported to the school. (ECF No. 1 at 6). As alleged, Burleson ISD also told parents there were other children who were improperly restrained in classrooms—as well as other students with scratches and bruises. (ECF No. 1 at 6). Headrick asserts that Burleson ISD was aware of concerns regarding the teachers' behavior and yet did nothing to monitor or supervise them. (ECF No. 1 at 6).

Further, Headrick alleges that Burleson ISD failed to properly investigate previous claims

and failed to take immediate action concerning Mangus and Monroe. (ECF No. 1 at 6). Mangus and Monroe were not immediately terminated, and Burleson ISD gave no warning to faculty, students, or parents regarding Mangus and Monroe's conduct. (ECF No. 1 at 6). Headrick argues that had Burleson ISD properly trained their employees on its Title IX policies and procedures, appropriate action would have been taken concerning Mangus and Monroe. (ECF No. 1 at 6).

Last, the Complaint asserts that Burleson ISD purports to have policies and procedures concerning Title IX, but that the only public location where Burleson ISD's Title IX policy can be found is "a single webpage within Burleson ISD's official website." (ECF No. 1 at 7). Headrick argues that Burleson ISD's "willful ignorance in the face of the reported problems" subject it to liability for minor S.S.'s injuries. (ECF No. 1 at 7). Minor S.S. has been unable to return to school due to the circumstances. (ECF No. 1 at 7).

On November 11, 2022, Headrick initiated this litigation asserting both state law and constitutional claims against Burleson ISD: (1) intentional discrimination on the basis of sex under Title IX; (2) negligence; (3) negligent hiring; and (4) discrimination under 42 U.S.C. § 1983. (ECF No. 1 at 7-8). Burleson ISD moves to dismiss all of Headrick's claims under Fed. R. Civ. P. 12(b)(6), arguing that Headrick fails to state a claim upon which relief can be granted.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the courts to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

In considering a Rule 12(b)(6) motion to dismiss, "the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 725 (5th Cir. 2019). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).

### III. ANALYSIS

As stated above, Headrick asserts state law claims of negligence and negligent hiring, as well as intentional sex discrimination under Title IX, and a Fourteenth Amendment Equal Protection violation under § 1983. Burleson ISD moves to dismiss all of Headrick's claims under Fed. R. Civ. P. 12(b)(6).

**A.   Headrick Effectively Abandoned her State Law and Title IX Claims.**

In her Original Complaint, Headrick asserts the following claims against Burleson ISD: (1) intentional discrimination on the basis of sex under Title IX; (2) negligence; and (3) negligent hiring. (ECF No. 1 at 7-8.) In Burleson ISD's Motion to Dismiss, Burleson ISD argues that Headrick failed to plead sufficient facts to support a claim for intentional discrimination on the basis of sex under Title IX. (ECF No. 7 at 9). Additionally, Burleson ISD contends that governmental immunity bars any actions against it for negligence or negligent hiring. (ECF No. 7

at 15).

In Plaintiff's Response to Defendant's Motion to Dismiss, Headrick "withdraws the negligence and negligent hiring claims against Burleson ISD, as well as Plaintiff's claim for intentional discrimination on the basis of sex under Title IX." (ECF No. 12 at 6). Therefore, Headrick has effectively abandoned these claims. *Hernandez v. City of Grand Prairie*, No. 3:16-CV-2432-L, 2017 WL 4098596, at *13 (N.D. Tex. Sept. 15, 2017) ("When a plaintiff fails to defend or pursue a claim in response to a motion to dismiss . . . the claim is deemed abandoned."). Accordingly, the Court pretermits further discussion of these abandoned claims. The Court dismisses Headrick's negligence, negligent hiring, and intentional discrimination on the basis of sex under Title IX claims with prejudice.

**B.     Headrick Failed to Plausibly Allege an Equal Protection Violation under § 1983.**

Headrick alleges Burleson ISD violated Headrick's constitutional rights in violation of the Fourteenth Amendment Equal Protection Clause under 42 U.S.C. § 1983. Burleson ISD contends that Headrick failed to sufficiently allege facts showing a violation of Headrick's constitutional rights occurred.

*1.     Section 1983 Claims*

To state a claim under § 1983, a plaintiff must allege: (1) "some person has deprived him of a federal right" guaranteed by the United States Constitution or federal law; and (2) "the person who deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The existence of a constitutional violation is a "threshold" requirement in any § 1983 claim. *Peterson v. City of Fort Worth*, 588 F.3d 838, 844 (5th Cir. 2009). "[W]ithout an underlying constitutional violation, there can be no § 1983 liability[.]" *Becerra v. Asher*, 105 F.3d 1042, 1047 (5th. Cir. 1997).

"Municipal liability under 42 U.S.C. § 1983 requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose "moving force" is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). "To sustain liability under § 1983, the [Plaintiff] must point to more than the actions of a [school district] employee, [Plaintiff] must identify a policymaker with final policymaking authority and a policy that is the 'moving force' behind the alleged constitutional violation." *Rivera*, 349 F.3d at 247.

The Supreme Court has explained that a governmental entity—such as Burleson ISD—may not be held liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. The Court next discusses Headrick's acclaimed deprivation of her equal protection rights, and based on the reasons enumerated hereunder, the Court pretermits discussion of Burleson ISD's policymaker or policies.

 2.   *Headrick's Equal Protection Claim*

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Normore v. Dallas Indep. Sch. Dist.*, No. 3:18-CV-02506-E, 2023 WL 3937785, at *14 (N.D. Tex. June 9, 2023) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 442-43 (1985)).

To effectively state a claim under the Equal Protection Clause, Headrick must allege that minor S.S. (1) "received treatment different from that received by similarly situated individuals," and (2) "the unequal treatment stemmed from a discriminatory intent." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Priester v. Lowndes City.*, 354 F.3d 414, 424 (5th Cir. 2004)). To establish discriminatory intent, Headrick must illustrate "that the decision

maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Fennell*, 804 F.3d at 412. "Allegations [of discriminatory intent] that are merely conclusory, without reference to specific facts, will not suffice." *Fennell*, 804 F.3d at 412.

Here, Headrick's allegations of discriminatory intent by Burleson ISD are merely conclusory. Headrick only alleges that Burleson ISD discriminated against minor S.S. because of his disability. (ECF No. 1 at 9). In her Original Complaint, Headrick simply stated that "by singling out disabled students such as minor S.S. for disparate treatment . . . [Burleson ISD] carried out a policy that discriminated against disabled students." (ECF No. 1 at 9). Headrick failed to plead factual allegations reflecting how minor S.S. was treated differently from a similarly situated individual. Additionally, Headrick fails to specifically define any policy or procedure of Burleson ISD's. Headrick argues generally that Burleson ISD's policies and training were inadequate and led to the harassment and injury of multiple students, including minor S.S. (ECF No. 1 at 6-7). However, "inadequacy of policies and causation of harm do not in themselves prove a constitutional violation." *Adams v. Springtown Indep. Sch. Dist.*, No. 4:22-cv-00695-BP, 2023 WL 2518858, at *3 (N.D. Tex. March 14, 2023).

It is further undisputed that disability is not a suspect class for purposes of equal protection, and thus there is no heightened standard of review. *See Cleburne Living Ctr.*, 473 U.S. at 442-43 (holding that mental retardation was not suspect class and noting that "[w]here individuals in the group affected by a law have distinguishing characteristics relevant to interests the State has the authority to implement . . . courts have been [] reluctant . . . to closely scrutinize legislative choices as to whether, how, and to what extent those interests should be pursued"); *Adams*, 2023 WL 2518858, at *3 ("Disability is not a suspect class for purposes of equal protection."). Therefore, as

pleaded, Headrick's equal protection assertion does not state a claim as a matter of law. Thus, the Court must conclude that Headrick failed to plead sufficient facts to prove a constitutional violation of the Equal Protection Clause.

Because the existence of a constitutional violation is a threshold requirement, without an underlying violation of such, "there can be no § 1983 liability." *Becerra*, 105 F.3d at 1047. As determined above, Headrick's acclaimed constitutional violation does not pass the threshold. Accordingly, since Headrick failed to plausibly plead a constitutional violation, there can be no § 1983 liability. Thus, the Court pretermits—as unnecessary—discussion on whether proof existed of a policymaker or an official policy to elicit municipal liability of Burleson ISD.

### IV. CONCLUSION

For these reasons, the Court **GRANTS** Burleson ISD's Motion to Dismiss (ECF No. 6). Headrick's state law negligence and negligent hiring claims, and Headrick's intentional sex discrimination claim under Title IX are hereby **dismissed with prejudice**. Headrick's Fourteenth Amendment Equal Protection claim under § 1983 is hereby **dismissed without prejudice**. The Court **DENIES AS MOOT** Headrick's Unopposed Motion for Leave to File Amended Complaint (ECF No. 19).

**SO ORDERED:** September 20, 2023.

Ada E. Brown
UNITED STATES DISTRICT JUDGE